# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

THASHA A. BOYD,

        Plaintiff,

v.                                             1:12-cv-2537-WSD

UNITED STATES OF AMERICA,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on the United of America's ("Defendant" or "United States") Motion to Dismiss [3] and Thasha A. Boyd's ("Plaintiff") Motion for Remand [4].

## I.    BACKGROUND

On June 12, 2012, Plaintiff filed her *pro se* Complaint in the Superior Court of Fulton County seeking damages for an act of "slander per se" by Brandt Carter ("Carter"), her former supervisor at the United States Department of Labor. (Compl. [1.1] at 1). Plaintiff claims Carter provided "subjective, negative, and inaccurate statements" "in response to a job referral/reference inquiry on Plaintiff." (Id. at 1-2).

On July 23, 2012, the United States Attorney for the Northern District of Georgia certified that Carter was acting within his scope of employment at the time of the incident out of which Plaintiff's claim arises and removed the action to this Court pursuant to 28 U.S.C. § 2679. (Notice of Removal [1] at 1-2; Ex. B to Notice of Removal [1.2]).

On August 1, 2012, Carter filed his Notice of Substitution [2] and substituted the United States for himself as Defendant in this action pursuant to 28 U.S.C. § 2679(d)(1).

On August 1, 2012, Defendant also filed its Motion to Dismiss [3] on the ground that this Court lacks jurisdiction over Plaintiff's Complaint because the United States has sovereign immunity for Plaintiff's claim of "slander per se."

On August 7, 2012, Plaintiff filed her Motion for Remand and Response and Oppossition [sic] to Defendant's Motion to Dismiss [4]. Plaintiff claims this action should be remanded because the United States Attorney "did not submit evidence to support its certification that Brandt Carter was indeed acting within his scope of employment at the time of the incident alleged within Plaintiff's [C]omplaint." (Pl.'s Memo. of Law in Supp. of Pl.'s Mot. for Remand at 4). Because of this failure "to substantiate its certification of Brandt Carter's duties," Plaintiff asserts the United States cannot substitute itself for Carter, and the Motion to Dismiss

should be denied because Carter does not enjoy sovereign immunity for the claim in Plaintiff's Complaint. (Id. at 8).

## II. DISCUSSION

### A. Plaintiff's Motion to Remand

As a general matter, the Court must remand a case if the technical requirements of removal have not been met. See Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1044 (11th Cir. 2001). Where the propriety of removal is in question, the removing party has the burden to show removal is proper and "this burden is a heavy one." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001); Lampkin v. Media Gen., Inc., 302 F. Supp. 2d 1293, 1294 (M.D. Ala. 2004). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

When the United States Attorney certifies that an employee was acting within the scope of his employment for purposes of removal pursuant to 28 U.S.C. § 2679, that certification is conclusive and unreviewable for the purposes of removal. See 28 U.S.C. § 2679(d)(2) ("The certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."); Osborn v. Haley, 549 U.S. 225, 231 (2007) ("On the jurisdictional issues, we hold that the Attorney General's certification is conclusive for purposes

3

of removal, *i.e.,* once certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court."); S.J. & W. Ranch, Inc. v. Lehtinen, 913 F.2d 1538, 1540-43 (11th Cir. 1990). Because the United States Attorney's certification is conclusive and unreviewable for the purposes of removal, the Court finds that removal was proper and Plaintiff's Motion to Remand is denied.

B.      Whether the Notice of Substitution should be stricken[1]

"[O]nce in federal court[,] a plaintiff is entitled to litigate the question of whether the employee was acting within the scope of his employment when the challenged conduct occurred." S.J. & W. Ranch, Inc., 913 F.2d at 1542.

> Unless the plaintiff challenges the scope determination, the court is entitled to treat the Attorney General's certification as prima facie evidence that the employee conduct at issue occurred within the scope of the employment. The burden of altering the status quo by proving that the employee acted outside the scope of employment is, therefore, on the plaintiff.
>
> Although the plaintiff bears the burden of establishing that the challenged conduct exceeded the scope of employment, the district court's adjudication of the matter is de novo.

Id. at 1543.

---

[1] Although Plaintiff has not sought to have the Notice of Substitution stricken, the Court liberally construes her *pro se* challenge to Defendant's claim that Carter's actions were in the scope of employment as a motion to strike the Notice of Substitution. See McNeil v. United States, 508 U.S. 106, 113 (1993); S.J. & W. Ranch, Inc., 913 F.2d at 1541-43.

4

"The question of whether an employee's conduct was within the scope of his employment 'is governed by the law of the state where the incident occurred.'" Flohr v. Mackovjak, 84 F.3d 386, 390 (11th Cir. 1996).

In Georgia, the test for whether an employee's actions fall within the scope of employment is whether the employee was acting in the course of the employer's business and with a desire to benefit the employer at the time of the injury. See O.C.G.A. § 51-2-2; Bennett v. United States, 102 F.3d 486, 489 (11th Cir. 1996) ("Georgia courts will hold an employer responsible for the conduct of its employee if the employee acted in the course of the employer's business and with a desire to benefit the employer."); Chorey, Taylor & Feil, P.C. v. Clark, 539 S.E.2d 139, 140 (Ga. 2000) (quoting Dobbs, The Law of Torts, § 333, p. 905 (2000)) (""Under the principle of respondeat superior, 'employers are generally jointly and severally liable along with the tortfeasor employee for the torts of employees committed within the scope of employment.'"); Allen Kane's Major Dodge, Inc. v. Barnes, 257 S.E.2d 186, 188 (Ga. 1979). Where a government employee "acts in the prosecution and within the scope of his official duties, intentional wrongful conduct comes within and remains within the scope of employment." See Ford v. Caffrey, 666 S.E.2d 623, 626 (Ga. Ct. App. 2008); see also Feist v. Dirr, 609 S.E.2d 111, 114 (Ga. Ct. App. 2004).

An employee does not act within the scope of employment when his acts are "for purely personal reasons disconnected from the authorized business of the" employer and "entirely disconnected" from his employer's business. See O.C.G.A. § 51-2-2; Piedmont Hosp., Inc. v. Palladino, 580 S.E.2d 215, 217 (Ga. 2003) (quoting Brownlee v. Winn-Dixie Atlanta, 523 S.E.2d 596, 597-98 (Ga. Ct. App. 1999); Lucas v. Hosp. Auth. of Dougherty Cnty., 388 S.E.2d 871, 872-73 (Ga. Ct. App. 1989)); see also Bennett, 102 F.3d at 489 ("By contrast, when an employee undertakes an act purely personal in nature, no respondeat superior liability may be imposed."); Sweeney v. Athens Reg'l Med. Ctr., 709 F. Supp. 1563, 1581 (M.D. Ga. 1989) (citing Burrow v. K-Mart Corp., 304 S.E.2d 460, 463 (Ga. Ct. App. 1983)) (no employer liability for damages arising from the speaking of false, malicious, or defamatory words by an employee).

Here, it is undisputed that Plaintiff's claims relate to Carter's responding to "a job referral/reference inquiry on Plaintiff" that he received in his capacity as a supervisory employee in the United States Department of Labor. (Compl. ¶¶ 3-4, Ex. A to Pl.'s Mot. for Remand and Opp'n to Def.'s Mot. to Dismiss). Although Plaintiff conclusorily asserts that some of Carter's statements about Plaintiff went beyond his scope of employment, she has not offered anything to support her burden of demonstrating that Carter's response to a reference inquiry was outside

his scope of employment as a supervisor in the Department of Labor, for purely personal reasons, or entirely disconnected from the Department of Labor's business. (Pl.'s Memo. of Law in Supp. of Pl.'s Mot. for Remand and Resp. and Opp'n to Def.'s Mot. to Dismiss at 7). The Court thus finds Carter's statements were made in the scope of employment and the substitution of the United States as Defendant in this action was appropriate.

C. Defendant's Motion to Dismiss

"A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings . . . ." Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2011). Where, as here, subject matter jurisdiction is challenged by a Rule 12(b)(1) motion, the court must evaluate whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1261 (11th Cir. 1997).

When considering a motion to dismiss for failure to allege federal subject-matter jurisdiction, the Court construes the Complaint in the light most favorable to the Plaintiff and accepts as true the facts alleged in the Complaint. See World Holdings, LLC v. Fed. Republic of Germany, 613 F.3d 1310, 1312 n.1 (11th

Cir. 2010).[2]

Sovereign immunity shields the federal government from claims asserted against it, and, in the absence of a waiver, federal courts lack subject matter jurisdiction over claims asserted against the federal government. See FDIC v. Meyer, 510 U.S. 471, 475 (1994). A plaintiff has the burden of demonstrating that the federal government has waived its sovereign immunity with regard to the claims asserted against it. See Ishler v. Internal Revenue, 237 F. App'x 394, 398 (11th Cir. 2007).

While the Federal Tort Claims Act (the "FTCA" or "Act") waives the government's sovereign immunity under certain circumstances, the government's liability under the FTCA is limited "to the extent that a private individual would be held liable under like circumstances." See 28 U.S.C. § 2674. The FTCA provides the exclusive remedy for tort actions against the United States and contains a general waiver of sovereign immunity. See 28 U.S.C. §§ 1346(b), 2679. The FTCA's waiver of sovereign immunity does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract

---

[2] For fact-based attacks on subject-matter jurisdiction, facts outside the pleadings may be considered and the allegations in the complaint are not required to be taken as true. See Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel, 657 F.3d 1159, 1169-70 (11th Cir. 2011).

8

rights." 28 U.S.C. § 2680(h); Metz v. United States, 788 F.2d 1528, 1531 (11th Cir. 1986).

Plaintiff's Complaint presents a single cause of action for "slander per se." Slander is expressly listed in Section 2680(h) of the FTCA as an exception to the United States' general waiver of sovereign immunity under the Act. The Court thus finds Defendant enjoys sovereign immunity for Plaintiff's claim of slander per se and her Complaint must be dismissed for a lack of jurisdiction.[3]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand [4] is **DENIED**.

---

[3] The Court further finds that even if the United States did not enjoy sovereign immunity or Carter were not acting within the scope of his employment and was personally liable for his comments, the alleged comments about Plaintiff do not support a claim for slander or slander per se because Plaintiff has not alleged that the statements about her pertained to criminal activity, contagious diseases, or debasing acts; that the charges against her were calculated to injure her in reference to the particular demands or qualifications of her trade, office, or profession; or, that special damages flowed from allegedly disparaging words about her. See O.C.G.A. § 51-5-4; Davita v. Nephrology Assocs., P.C., 253 F. Supp. 2d 1370, 1377-78 (S.D. Ga. 2003); Bellemead, LLC v. Stoker, 631 S.E.2d 693, 636-39 (Ga. 2006); Walker v. Walker, 668 S.E.2d 330, 336 (Ga. Ct. App. 2008); Ford, 666 S.E.2d at 626 ("negative comments about a person are not in and of themselves slanderous"); Am. S. Ins. Group, Inc. v. Goldstein, 660 S.E.2d 810, 820-21 (Ga. Ct. App. 2008); Adams v. Carlisle, 630 S.E.2d 529, 539 (Ga. Ct. App. 2006).

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [3] is **GRANTED**.

**SO ORDERED** this 27th day of December, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE